**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EDWARD WYATT,

                Plaintiff,

vs.                                              Case No. 3:08-cv-264-J-32TEM

CITY OF JACKSONVILLE,

                Defendant.

_____

**ORDER**[1]

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's

Amended Complaint (Doc. 13).  Plaintiff has filed a response in opposition (Doc. 15).

**I. Standard of Review**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court

must accept all factual allegations in the complaint as true and construe them in the light

most favorable to the plaintiff.  Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336

(11th Cir. 2006).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and

plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v.

Pardus, 127 S.Ct. 2197, 2200 (2007).

**II. Background**

As alleged in Plaintiff's Amended Complaint, on February 19, 2004, Plaintiff

Edward Wyatt's ("Wyatt") vehicle collided with another vehicle at the intersection of

Kings Road and Whitner Street in Jacksonville.  Wyatt fled to the nearby home of his

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available
electronically.  However, it has been entered only to decide the motion or matter addressed
herein and is not intended for official publication or to serve as precedent.

former wife Dacia Wyatt ("Dacia") and hid in her crawlspace.  When Officer Sosa ("Sosa") of the Jacksonville Sheriff's Office arrived at Dacia's home in search of Wyatt, she informed him Wyatt was mentally unstable and was not taking his prescribed medications.  Dacia asked Sosa to allow her to coax Wyatt out of the crawlspace.  Sosa refused.

Sosa sent his police dog under the house to remove Wyatt.  A second, unnamed officer told Dacia he would let the dog "work on [Wyatt] for awhile."  The dog bit Wyatt's leg and Wyatt verbally surrendered, but the unnamed officer encouraged the dog to continue biting Wyatt.   After Wyatt crawled out with the dog still attached to his leg, Sosa and the unnamed officer allegedly beat him.  Wyatt suffered severe injuries, including having part of his calf muscle torn from his leg.

Wyatt sued the City of Jacksonville (the "City") in a four-count amended complaint, alleging: (1) negligent handling of the dog, (2) and (3) violations of Florida's dog bite statutes under §§ 767.01 and 767.04 and (4) violations of his civil and constitutional rights under 42 U.S.C. § 1983 and the Fourth Amendment (Doc. 14).  The City filed a motion to dismiss the complaint (Doc. 13) and Wyatt filed a response in opposition (Doc. 15).

**III.  Discussion**

As to Count I, the Court concludes Wyatt has sufficiently alleged a cause of action for negligent handling of the police dog.  The City argued Count I should be dismissed because it views Wyatt's allegation as negligent commission of an intentional tort.  While the City is correct that no such cause of action exists in Florida, City of Miami v. Sanders, 672 So.2d 46, 47-48 (Fla. 3d DCA 1996), the Eleventh Circuit has

allowed "a separate negligence claim based upon a distinct act of negligence [to] be brought . . . in conjunction with a claim for excessive use of force." <u>Lewis v. City of St. Petersburg</u>, 260 F.3d 1260, 1263 (11th Cir. 2001).  "Although discovery may reveal . . . an intentional act and that negligence played no part, at the motion to dismiss stage [the Court's] review is limited to the allegations in the complaint construed in the light most favorable to the plaintiff." <u>Id.</u> at 1264.  Therefore, the Court concludes the Amended Complaint adequately states a cause of action for negligent handling of the dog.

Counts II and III allege the City is strictly liable under Florida Statutes §§ 767.01 and 767.04 for injuries caused by police dog bites.[2]  Although the Amended Complaint is unclear as to whether or not the officers are alleged to have acted maliciously, the nature of that conduct does not affect the Court's decision.  To the extent Wyatt alleges the officers did not act maliciously, Florida Statute § 768.28(9)(a) gives the City sovereign immunity from tort liability for injuries caused by police dog bites made while the police dog is working.  <u>See Trammell v. Thomason</u>, --- F.Supp.2d ----, 2008 WL 2338085, *7 (M.D. Fla. June 3, 2008) (Moore, J.).  As Judge Moore recently observed, "[t]he legislative intent behind Sections 767.01 and 767.04 makes clear that the strict liability statutes . . . are not meant to ensnare working police dogs.  A working police dog trained to apprehend suspects is not by definition a 'dangerous dog' that cannot be controlled by its owner . . . " and is therefore not within the category of problematic dogs for whose bites the Legislature intended to impose strict liability.  <u>Id.</u>  To the extent

---

[2] Florida Statute § 767.01 imposes liability on a dog owner for "any damage done by their dogs to a person . . . ."  Florida Statute § 767.04 provides in relevant part: "[t]he owner of any dog that bites any person while such person . . . is lawfully in a private place . . . is liable for damages suffered by persons bitten. . . ."

Wyatt alleges the officers did act maliciously, he has no cause of action against the City. See Fla. Stat. § 768.28(9)(a) (stating in last sentence, "The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.")  Whether or not Wyatt alleged the officers acted maliciously, he has no cause of action against the City under Florida's dog bite statutes and therefore Counts II and III are dismissed with prejudice.

Count IV alleges the City violated Wyatt's civil and constitutional rights under § 1983, the Fourth Amendment, and the Florida Constitution because the dog bite and alleged beating amounted to excessive force constituting an unreasonable seizure. Count IV also alleges the bite constituted cruel and unusual punishment in violation of the Fourth Amendment.[3]  As a threshold matter, Wyatt's § 1983 claim may not arise out of violations of the Florida Constitution; a § 1983 claim must arise out of violations occurring under color of federal law.  Therefore, Wyatt's reference to the Florida Constitution is misplaced.

Wyatt appears to attempt to hold the City liable for the actions of its officers. However, although he could have done so, Wyatt chose not to sue the individual officers – he sued only the City.[4]  "[A]s a municipality, the City may not be held liable

---

[3] Cruel and unusual punishment claims arise out of violations of the Eighth Amendment, not the Fourth.  See Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004).

[4] Cf. Reese v. Coxwell, 2006 WL 680811, *10 (N.D. Fla. 2006) (allowing Fourth Amendment claim for excessive use of force against individual police officer where officer allegedly allowed police dog to continue biting plaintiff after plaintiff surrendered).  Although

4

under § 1983 on the basis of respondeat superior." Trammell at *14. Rather, Wyatt must establish that the alleged violation of his constitutional rights resulted from a policy or custom of the City. Id. "A 'policy' is a decision that is officially adopted by the municipality, or created by an official of such rank that he could be acting on behalf of the municipality, and a 'custom' is a practice that is so settled and permanent that it takes on the force of law." Id. To impose liability on the City, Wyatt "must demonstrate that a policy or custom of the City was the 'moving force' behind the alleged constitutional deprivation." Id. (quoting Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997).

While Wyatt referenced the City's policies and customs in paragraphs 55 and 56 of his Amended Complaint, his allegations are unclear as to the substance of those policies and customs, whether they were officially adopted by the City, their permanence, and whether they were the "moving force" behind the officers' actions. Without more, the Court must conclude Wyatt has not currently stated a claim under § 1983. Therefore, Count IV is dismissed without prejudice, but with leave to amend.

**IV. Conclusion**

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 13) is

**GRANTED** in part and **DENIED** in part to the extent that Counts II and III are dismissed

---

Wyatt refers to "Defendant police officers" in his Complaint, the reference is incorrect because Wyatt did not sue the officers individually and thus they are not defendants in this action.

with prejudice, Count IV is dismissed without prejudice and with leave to amend and Plaintiff may proceed on Count I as alleged in the Amended Complaint.  No later than **August 20, 2008**, Plaintiff shall file a Second Amended Complaint alleging only Count I of his Amended Complaint and an amended Count IV.  No later than **September 10, 2008**, Defendant shall file a response to the Second Amended Complaint.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of July, 2008.


TIMOTHY J. CORRIGAN
United States District Judge

k.
Copies:

counsel of record